[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-14335
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20843-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNY ORTIZ, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Benny Ortiz, Jr., proceeding *pro se*, appeals the district court's denial of his

motion to withdraw his guilty plea under Federal Rule of Criminal Procedure

11(d).[1]  The government has moved for summary affirmance of the district court's

order and for a stay of the briefing schedule, arguing that the district court correctly

determined that the motion was procedurally barred because it was filed more than

a year after his sentencing and that it lacked jurisdiction to grant the requested

relief.

Summary disposition is appropriate where "the position of one of the parties

is clearly right as a matter of law so that there can be no substantial question as to

the outcome of the case, or where, as is more frequently the case, the appeal is

frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We grant the government's motion for summary affirmance because it is

correct as a matter of law.[2]  *Id.*  Rule 11(d) allows a defendant to withdraw his

guilty plea before the district court accepts the plea or after it accepts the plea but

before it imposes the sentence.  Fed. R. Crim. P. 11(d).  However, "[a]fter the court

imposes sentence, the defendant may not withdraw a plea of guilty or nolo

contendere, and the plea may be set aside only on direct appeal or collateral

---

[1] In 2019, Ortiz pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to 120 months' imprisonment.

[2] A district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion.  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).  "The denial of a motion to withdraw a guilty plea is not an abuse of discretion unless the denial was arbitrary or unreasonable" or the district court "fail[ed] to apply the proper legal standard[s] or to follow proper procedures in making the determination, or [made] findings of fact that [were] clearly erroneous."  *Id.* (quotation omitted).

attack." Fed. R. Crim. P. 11(e). Ortiz filed his motion to withdraw his plea more than a year after the district court sentenced him and, thus, relief under Rule 11(d) was not available to him.

Ortiz's guilty plea may only be set aside on direct appeal or through a collateral attack. *Id.* Ortiz did not file a direct appeal. The district court, however, gave Ortiz the opportunity to recharacterize his Rule 11(d) motion as a § 28 U.S.C. 2255 motion, but Ortiz declined to have his motion construed as a § 2255 motion. Thus, because Ortiz's plea could not be vacated under Rule 11(d), the district court correctly concluded that the motion was procedurally barred and that it lacked jurisdiction to grant the requested relief.

Accordingly, we GRANT the government's motion for summary affirmance and we DENY AS MOOT the accompanying motion to stay the briefing schedule.